**Yolanda Merari RAXIC-CARRETO,**
**Petitioner,**

v.

**Jefferson B. SESSIONS III, Attorney**
**General, Respondent.**

No. 14-70731

United States Court of Appeals,
Ninth Circuit.

Submitted December 18, 2017 *

Filed December 28, 2017

Eduardo A. Paredes, Attorney, Law Office of Eduardo A. Paredes, Los Angeles, CA, for Petitioner

Gregory Darrell Mack, Esquire, Senior Litigation Counsel, OIL, DOJ—U.S. Department of Justice, Civil Division/Office of Immigration Litigation, Washington, DC, Chief Counsel ICE, Office of the Chief Counsel, Department of Homeland Security, San Francisco, CA, for Respondent

Before: WALLACE, SILVERMAN, and BYBEE, Circuit Judges

### MEMORANDUM **

Yolanda Merari Raxic-Carreto, a native and citizen of Guatemala, petitions for re-

---

** This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

---

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provid-

view from the Board of Immigration Appeals' ("BIA") order dismissing her appeal from an immigration judge's decision denying her application for asylum and withholding of removal. We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings. *Silaya v. Mukasey*, 524 F.3d 1066, 1070 (9th Cir. 2008). We deny the petition for review.

The record does not compel the conclusion that Raxic-Carreto established extraordinary or changed circumstances to excuse her untimely asylum application. *See* 8 C.F.R. §§ 1208.4(a)(4), (5); *Toj-Culpatan v. Holder*, 612 F.3d 1088, 1091-92 (9th Cir. 2010). Thus, Raxic-Carreto's asylum claim fails.

Substantial evidence supports the BIA's determination that Raxic-Carreto failed to demonstrate a nexus between the harm she fears and a protected ground. *See Zetino v. Holder*, 622 F.3d 1007, 1016 (9th Cir. 2010) (applicant's "desire to be free from harassment by criminals motivated by theft or random violence by gang members has no nexus to a protected ground"). Thus, Raxic-Carreto's withholding of removal claim fails.

**PETITION FOR REVIEW DENIED.**

ed by Ninth Circuit Rule 36-3.

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.